ORIGINAL

# In the United States Court of Federal Claims

No. 14-728 C
Filed: January 5, 2015
NOT FOR PUBLICATION

**FILED**

JAN - 5 2015

U.S. COURT OF
FEDERAL CLAIMS

```
*****************************************
                                        *
                                        *
HERMAN LEON BRICKEY,                     *
                                        *
        Plaintiff,                       *
                                        *
v.                                       *
                                        *
THE UNITED STATES,                       *
                                        *
        Defendant.                       *
                                        *
                                        *
*****************************************
```

**Herman Brickey**, San Antonio, Texas, *pro se*.

**Alexander O. Canizares**, United States Department of Justice, Trial Attorney, Washington, D.C., Counsel for the Government.

## MEMORANDUM OPINION AND FINAL ORDER

**BRADEN**, *Judge*.

## I.    RELEVANT FACTUAL BACKGROUND.[1]

Herman Leon Brickey ("Plaintiff") seeks compensation for "14 months of wrongful imprisonment." Compl. at 1. The August 11, 2014 Complaint alleges that while he was imprisoned, he "worked on Diary in Past[eu]rizing Room 7 days a week for 7 months, 10 [hours] a day[.]" Compl. at 1. The Complaint further alleges that in 1967, he worked in a prison electric shop performing repairs and maintenance. Compl. at 1. The Complaint seeks a total of $12,320.00 based on an hourly wage of $4.00. Compl. at 1. The Complaint also notes that Plaintiff lost his car two years ago. Compl. at 2.

---

[1] The relevant facts discussed herein were derived from the August 11, 2014 Complaint and Exhibit attached thereto.

## II.    PROCEDURAL HISTORY

On October 26, 2012, Plaintiff filed a Complaint in the United States District Court for the Western District of Texas seeking damages for the same allegations as this case. *See Brickey v. United States*, 5:12-cv-00991, Dkt. No. 4, at 1–2 (W.D. Tex. Oct. 26, 2012). On that same day, a Magistrate Judge issued a Memorandum and Recommendation recognizing that Plaintiff sought to recover damages sustained during imprisonment in the 1960s, but recommended dismissal due to lack of jurisdiction. Compl. Ex. at 3. The Magistrate Judge held that, pursuant to 28 U.S.C. § 1495, Plaintiff must bring his claim for unjust conviction and imprisonment in the United States Court of Federal Claims. Compl. Ex. at 2–3.

On August 11, 2014, Plaintiff filed a handwritten, *pro se* Complaint in the United States Court of Federal Claims. Plaintiff neither paid the filing fee nor applied to proceed *in forma pauperis*. The filing fee was due September 22, 2014.

On October 21, 2014, the Government filed a Motion To Dismiss ("Gov't Mot."), pursuant to Rules of the United States Court of Federal Claims ("RCFC") 12(b)(1) and 12(b)(6). Plaintiff never filed a Response.

## III.    DISCUSSION.

### A.    Jurisdiction.

The United States Court of Federal Claims has jurisdiction under the Tucker Act, 28 U.S.C. § 1491, "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976).

Therefore, to pursue a substantive right under the Tucker Act, a plaintiff must identify and plead an independent contractual relationship, Constitutional provision, federal statute, and/or executive agency regulation that provides a substantive right to money damages. *See Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act . . . ."); *see also Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc) ("The Tucker Act . . . does not create a substantive cause of action; . . . a plaintiff must identify a separate source of substantive law that creates the right to money damages. . . . [T]he source must be 'money-mandating.'"). Specifically, a plaintiff must demonstrate that the source of substantive law upon which he relies "can fairly be interpreted as mandating compensation by the Federal Government." *United States v. Mitchell*, 463 U.S. 206, 216 (1983) (quoting *Testan*, 424 U.S. at 400). And, the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put

in question . . . . [the plaintiff] bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.").

**B.      Standard Of Review For Pro Se Litigants.**

The pleadings of a pro se plaintiff are held to a less stringent standard than those of litigants represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that pro se complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"). It has been the tradition of this court to examine the record "to see if [a pro se] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 412 F.2d 1285, 1292 (Ct. Cl. 1969). Nevertheless, while the court may excuse ambiguities in a *pro se* plaintiff's complaint, the court "does not excuse [a complaint's] failures." *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

**C.      Standard Of Review For A Motion To Dismiss Pursuant To RCFC 12(b)(1).**

A challenge to the United States Court of Federal Claims' "general power to adjudicate in specific areas of substantive law . . . . is properly raised by a [Rule] 12(b)(1) motion." *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b)(1) (allowing a party to assert, by motion, "lack of subject-matter jurisdiction"). When considering whether to dismiss an action for lack of subject matter jurisdiction, the court is "obligated to assume all factual allegations [of the complaint] to be true and to draw all reasonable inferences in plaintiff's favor." *Henke*, 60 F.3d at 797.

**D.      Standard Of Review For A Motion To Dismiss Pursuant To RCFC 12(b)(6).**

A challenge to the United States Court of Federal Claims' "[ability] to exercise its general power with regard to the facts peculiar to the specific claim . . . . is raised by a [Rule] 12(b)(6) motion[.]" *Palmer*, 168 F.3d at 1313; *see also* RCFC 12(b)(6) (allowing a party to assert, by motion, "failure to state a claim upon which relief can be granted"). When considering whether to dismiss an action for failure to state a claim, the court must assess whether the complaint "allege[s] facts 'plausibly suggesting (not merely consistent with)' a showing of entitlement to relief." *Bank of Guam v. United States*, 578 F.3d 1318, 1326 (Fed. Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."). In other words, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In determining factual plausibility, the court engages in "context-specific task" that draws upon "its judicial experience and common sense." *Iqbal*, 550 U.S. at 679.

As a general matter, the court reviews the facts in a favorable light to the plaintiff. *See Bank of Guam*, 578 F.3d at 1326. Nevertheless, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555 (internal citations omitted). *But see Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Thereafter, "if it appears 'beyond doubt that

[plaintiff] can prove no set of facts in support of [its] claim which would entitle [it] to relief[,]'" then the court should dismiss the action. *Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 654 (1999) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)).

### E. The Court's Resolution Of The Government's October 21, 2014 Motion To Dismiss.

The court is cognizant of its obligation to liberally construe *pro se* plaintiffs' pleadings. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding that the "pro se document is to be liberally construed"). But, *pro se* plaintiffs must still "comply with the applicable rules of procedural and substantive law." *Walsh v. United States*, 3 Cl. Ct. 539, 541 (1983). The court cannot simply excuse a complaint's failures. *See Henke*, 60 F.3d at 799.

Plaintiff's claims stem from events that happened nearly forty years ago. The Complaint appears to seek both unpaid wages and compensation for unjust imprisonment. *See* Compl. at 1–2. The court has jurisdiction only when Plaintiff identifies a money-mandating source of law that requires compensation from the United States, such as a contract. *See* 28 U.S.C. § 1491(a)(1); *see also Mitchell*, 463 U.S. at 216. Plaintiff has not identified any contract or other money-mandating source in the August 11, 2014 Complaint. Thus, even construing the facts in the light most favorable to Plaintiff, the court lacks jurisdiction over his claim for unpaid wages.

To the extent Plaintiff alleges unjust imprisonment, the court also lacks jurisdiction. *See* 28 U.S.C. § 1495 (granting the court jurisdiction "to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned"). Section 2513(a) further imposes several limitations:

Any person suing under section 1495 of this title must allege and prove that:

(1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and

(2) He did not commit any of the acts charged or his acts, deeds, or omissions with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

28 U.S.C. § 2513(a).

In this case, the August 11, 2014 Complaint did not "allege or prove" any of the requirements of 28 U.S.C. § 2513(a), *i.e.*, that his pardon included a "stated ground of innocence and unjust conviction" and that "[h]e did not commit any of the acts charged." In fact, the August 11, 2014 Complaint does not mention a pardon at all. As such, the court lacks jurisdiction over any claims for unjust imprisonment.

4

In addition, "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. The August 11, 2014 Complaint alleges a claim for unpaid wages that accrued in the 1960s, at the time Plaintiff allegedly was not paid. Compl. at 1. The six-year statute of limitations hereby bars Plaintiff from bringing these claims now.

Finally, the August 11, 2014 Complaint fails to state a claim upon which relief can be granted. A complaint must plausibly suggest entitlement to relief. *See Twombly*, 550 U.S. at 557. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The two-page August 11, 2014 Complaint does not "allow[] the court to draw the reasonable inference that the [Government] is liable." *Id.* Nor does the Complaint allege, much less prove, the existence of any contract with the Government or "plead factual content," showing that Plaintiff is entitled to relief for unpaid wages or unjust imprisonment.

## IV.    CONCLUSION.

For these reasons, the Government's October 21, 2014 Motion to Dismiss is granted. *See* RCFC 12(b)(1), 12(b)(6). Accordingly, the Clerk is directed to dismiss the August 11, 2014 Complaint.

**IT IS SO ORDERED.**

**SUSAN G. BRADEN**
**Judge**